James **BUCHANAN**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 1–1185A271.

Court of Appeals of Indiana,
First District.

March 19, 1986.

Susan K. Carpenter, Public Defender, Kathryn Kelley, Sp. Asst. Public Defender, Indianapolis, for appellant.

NEAL, Judge.

### STATEMENT OF THE CASE

Defendant-appellant, James Buchanan (Buchanan), appeals the denial of his Petition for Post-Conviction Relief by the Vigo Circuit Court wherein he alleged the trial court failed to strictly comply with advising him of his constitutional and statutory rights before pleading guilty to a charge of robbery, a Class B felony when armed with a deadly weapon.

### STATEMENT OF THE FACTS

On August 26, 1982, Buchanan was charged with robbery in violation of IND. Code 35–42–5–1, a Class B felony when armed with a deadly weapon. On February 25, 1983, Buchanan withdrew his prior plea of not guilty, and pursuant to a plea agreement, he entered a plea of guilty to the armed robbery charge which the trial court accepted during the sentencing hearing on March 28, 1983.

Buchanan filed a pro se Petition for Post-Conviction Relief on September 30, 1983, which was subsequently amended by his attorney alleging the trial court erred in

that the factual basis supporting the charge failed to establish the use of a deadly weapon, and as a related matter, the trial court failed to determine whether he fully understood the nature of the charges against him. The State, in response to the amended petition, admitted error in the factual basis, and requested the trial court to modify the judgment to reflect conviction of a Class C felony.

After the trial court denied Buchanan's petition, he filed his Motion to Correct Error arguing the trial court erred in denying his post-conviction relief petition for the reasons stated therein, and further alleged the trial court erred by failing to advise him of the possibility of an enhanced sentence where prior convictions exist. The trial court denied the motion to correct error, and Buchanan subsequently perfected this appeal. In response to Buchanan's appellate brief, the State filed a Motion For Remand And Trial wherein the State confessed error based on the alleged lack of a factual basis supporting the guilty plea.

### ISSUES

I. Whether the trial court found a sufficient factual basis supporting the guilty plea to the crime charged.

II. Whether Buchanan was adequately advised so as to fully understand the nature of the charges against him.

III. Whether Buchanan was adequately advised of the possibility of an enhanced sentence.

### DISCUSSION AND DECISION

Issue I and II.

In Buchanan's first argument he asserts the trial court erred in finding a sufficient factual basis as required in IND. CODE 35–35–1–3(b) before accepting his plea of guilty. Buchanan claims that since he allegedly denied the use and possession of a gun at the time he committed the offense, there is an insufficient factual basis to support the element "while armed with a deadly weapon" in IND. CODE 35–42–5–1(2) which raises the underlying robbery to a Class B felony. The State concedes as much in its confession of error and asks us to remand the case on that basis. Nevertheless, the laudatory action on the part of the State as an officer of the court does not relieve us of our duty to decide the law as applied to the facts in the Record. *Green v. State* (1953), 232 Ind. 596, 115 N.E.2d 211.

■ In his post-conviction proceeding, it was Buchanan's burden of proof to establish grounds for relief by a preponderance of the evidence. Ind. Rules of Procedure, Post-Conviction Rule 1 Sec. 5. The trial court is to determine the weight of the evidence and the credibility of the witnesses. *Lloyd v. State* (1979), 270 Ind. 227, 383 N.E.2d 1048. Buchanan here essentially asks us to reweigh the evidence.

■ A court shall not enter judgment upon a plea of guilty unless it is satisfied from its examination of the defendant or the evidence presented that there is a factual basis for the plea. IND. CODE 35–35–1–3(b). First, the trial court's examination of the defendant revealed the following:

"JUDGE: Alright. Well number one, specifically what you are charged with is going in and holding up the Merchants National Bank last August 25th here in Vigo County. You understand that?

BUCHANAN: Yes.

JUDGE: Uh—and the way the charge is drawn here—if you went to trial it would be up to the State to prove all of the essential elements that you knowingly took something of value from another person by threatening the use of force and that gun was used. This is what the State would have to prove basically in order to get a conviction if you went to trial.

BUCHANAN: Yes, sir.

JUDGE: And when you enter a plea of guilty uh—Mr. Buchanan, what you do is admit the truth of the allegations that I just mentioned here to you. . . .

Uh—do you understand those points, sir?

BUCHANAN: Yes.

    \*    \*    \*    \*    \*    \*

JUDGE: .... Well, knowing these things, is it your intention to enter this plea of guilty to Robbery as a Class B felony this morning?

BUCHANAN: Yes, sir."

Where a defendant states that he understands the nature and elements of the crime charged, and he further states that he understands that his guilty plea is an admission of the truth of the matters contained within the criminal information filed against him, such admission is sufficient to establish a factual basis for the plea. *Lombardo v. State* (1981), Ind., 429 N.E.2d 243; *Lloyd, supra.* Here, as the Record indicates, Buchanan stated he understood the elements the State would be required to prove, and that by his guilty plea he would be admitting the truth of these allegations. These admissions provide a sufficient factual basis for Buchanan's subsequent guilty plea.

■ Second, according to IND.CODE 35–35–1–3(b), a factual basis for a guilty plea exists where the court is satisfied based on the evidence presented. Following the above statements in the Record, the prosecutor, Mr. Walker, described the actions of Buchanan in the course of the bank robbery. Mr. Walker noted as Buchanan approached the teller window, he presented the teller with a note which said: "Do as I say, I have a gun. Put all your money in the bag and hurry. I have three guys looking outside." Thereafter, the following colloquy transpired:

"JUDGE: But you did do it, uh?

BUCHANAN: Yes.

JUDGE: Mr. Walker?

WALKER: I forgot to mention uh—the note said he had a gun and the defendant, in fact, did have a gun.

JUDGE: What kind of gun did you have sir?

BUCHANAN: It was a blank gun, taped up with scotch tape that Harold Rogers give me.

JUDGE: Uh, huh—

BUCHANAN: Which—at the time I robbed the bank, it was in my car, in the car seat. But in the statement it said I had it in my pocket, uh—when—

JUDGE: That part you disagree with?

BUCHANAN: No, because when Mr. Statler questioned me I told him it was still in the car and he just kept saying—are you sure it wasn't in your pocket—so finally I just said yes, it was in my pocket. But it was in the car seat in the car, because I could not take it in."

■ From these portions of the Record, it is clear that there is evidence in the Record from which the trial court could infer a sufficient factual basis for the plea. During the course of the robbery, Buchanan stated in the note that he had a gun, and it is reasonable to assume that the victim was put in fear and believed Buchanan was concealing a gun. After his arrest, Buchanan apparently gave a statement to the police that he had a gun in his pocket during the robbery. The trial court told him he was charged with robbery and that a gun was used, and Buchanan stated he was aware that by pleading guilty he was admitting those facts. Later, the prosecutor stated that the note said Buchanan had a gun, and that he did in fact have a gun after which Buchanan admitted having a blank gun. All these statements and admissions are evidence in the record supporting the plea.

■ To be convicted of armed robbery, it is not required that a gun or other deadly weapon be revealed during the robbery. *Kruckeberg v. State* (1978), 268 Ind. 643, 377 N.E.2d 1351, *cert. denied,* (1978), 439 U.S. 990, 99 S.Ct. 590, 58 L.Ed.2d 665; *Sewell v. State* (1982), Ind.App., 442 N.E.2d 1142. It is not required that a gun or deadly weapon ever be introduced into evidence. *Brown v. State* (1977), 266 Ind. 82, 360 N.E.2d 830. Finally, it doesn't matter that a blank gun was used as long as it

could be used as a bludgeoning instrument to satisfy the definition of a deadly weapon in IND.CODE 35–41–1–2. *Barber v. State* (1981), Ind.App., 418 N.E.2d 563. *See also Jones v. State* (1978), 269 Ind. 543, 549, 381 N.E.2d 1064, 1068 (starter gun); *Williams v. State* (1983), Ind.App., 451 N.E.2d 687, 690–91 (pellet gun); *Decker v. State* (1979), 179 Ind.App., 472, 494–95, 386 N.E.2d 192, 206–07, *trans. denied* (toy gun); *Lockridge v. State* (1977), 172 Ind.App. 141, 147, 359 N.E.2d 589, 593–94, *trans. denied* (meat fork mistaken for gun barrel).

■ Buchanan tries to create a second issue by stating that the Record shows he was confused as to the nature of the charges against him. In support, Buchanan claims that his statements that he left the gun in his car, that the advice of counsel saying the note given to the teller supported the charge, and that the ambiguous wording of the Information alleging he committed armed robbery "by threatening the use of force ... with a gun" proves his argument. Regarding the phraseology of the Information, similar wording was not held insufficient in *Rodriguez v. State* (1979), 179 Ind.App. 464, 385 N.E.2d 1208. Regarding Buchanan's other claims, they merely create conflicting inferences from his prior statements and admissions which the trial court was not bound to accept or believe. Where facts in the Record support a factual basis for the plea, the trial court was not required to believe subsequent equivocation on the part of Buchanan. The facts in the Record believed by the trial court are evident in its ruling and order denying post-conviction relief wherein it stated:

"The Court notes from the transcript of the guilty plea and sentencing that the statement of facts given in open Court in the presence of Mr. Buchanan by Deputy Prosecutor James Walker said, commencing on page 12, line 12, that the defendant presented an employee of Merchants National Bank with a note that said 'Do as I say, I have a gun. Put all your money in the bag and hurry.' Mr. Walker further states that the employee put the money into the defendant's paper bag totalling $3,000.00. Later in his statement, on page 15, line 8, Mr. Walker stated 'and the defendant, in fact, did have a gun.' After that statement, the defendant said that he told dectective, Statler, that he had the gun in his poscket. (sic) What happened at the guilty proceeding is that the prosecutor's statement was that the defendant committed the robbery while having a gun in his pocket and the defendant told the investigating state trooper that he had a gun in his pocket during the robbery."

■ On appeal, only where the evidence is without conflict and leads unerringly to a result other than that reached by the trial court will we set aside its decision. *Lloyd, supra.* Since the trial court's decision is supported by Buchanan's statements and admissions and other evidence in the Record, we cannot say the trial court erred as a matter of law.

Issue III.

■ Buchanan's final allegation of error is the trial court's alleged failure to advise him of the potential for any enhanced sentence by reason of prior convictions as required by IND.CODE 35–35–1–2. We note that Buchanan first raised this allegation of error in his Motion to Correct Error following the trial court's denial of his post-conviction relief petition, and he first claims this error as fundamental error in his appellate brief. Our supreme court recently held that under the waiver provision in Ind. Rules of Procedure, Post-Conviction Rule 1, Sec. 8, "issues which were available for the first post-conviction proceeding are waived for consideration in a subsequent proceeding." *Gosnell v. State* (1985), Ind., 483 N.E.2d 445, 447 citing *Jewell v. State* (1979), 272 Ind. 317, 397 N.E.2d 946; *Like v. State* (1981), Ind.App., 426 N.E.2d 1355. A fundamental error is a blatant error which if not rectified would deny a petitioner fundamental due process, but such error must be raised in a post-conviction petition within the rules of post-conviction procedure. *Bailey v. State* (1985),

Ind., 472 N.E.2d 1260. In the case at bar, Buchanan did not allege fundamental error in his post-conviction relief petition, and the facts in the Record clearly show Buchanan was advised of the potential for any enhanced sentence by reason of any prior convictions.

The following advisements in the Record show the trial court thoroughly advised and explained to Buchanan the possibility of an enhanced sentence:

"JUDGE: .... And I want you to know the minimum and maximum penalties that could be imposed on this particular charge uh—the maximum fine is Ten Thousand Dollars. Of course, the Court would not have to impose any fine uh—so the fine could range all the way from nothing up to the maximum of Ten Thousand Dollars. The uh—sentence that a Class B felony such as this carries is uh—the standard or presumptive sentence of ten years. Although if circumstances—the Court would find that circumstances were sufficiently aggravating, the Court could increase that standard ten years by six months, a year, up to ten years added on, which would make the maximum possible twenty years. Now, on the other hand if it developed that uh—there were mitigating circumstances which outweighed any aggravating circumstances which might exist, the Court would have a right to reduce that uh—standard or presumptive ten year sentence—could knock a day off or two years off—or as much as four years off. So we'd be talking in that case of a minimum sentence of six years, maximum of twenty. And uh—the sentence could be anyplace in between there. Uh—and no sentence can be suspended if it's uh—on a charge that uh—an armed felony or a felony in which there—the defendant is armed. That sentence could not be suspended.... Also uh—no felony sentence could be suspended if the defendant has ever before in his life been convicted of a felony. Now, uh—also if a person uh—builds up a record of two or more felony convictions then the next time that a felony was charged, a third or subsequent felony, the prosecutor could, if he wished, add another count in there alleging that the defendant is a habitual criminal offender and if the prosecutor is able to prove that beyond a reasonable doubt, then that increases the penalty by thirty years. Now that's not what's involved here you understand—uh—but if it were instead of talking about a minimum of six years, it would be a minimum of thirty-six years. And instead of a maximum of twenty-years, it would be a maximum of fifty years. Like I say, that doesn't apply in your case but I do want you to know that. Now—if you would happen to be on parole at this time uh—a conviction or a plea of guilty here would revoke that parole and would require you to serve the balance of that time that you would owe on patrol. And if you were on probation under suspended sentence, then a conviction here would be grounds to revoke that suspended sentence and require you to serve the time there. Now, when that happens then whatever sentence would be imposed in this one would have to run consecutively to whatever other sentences you might get by reason of parole or probation violation. By consecutive it means you would have to serve the full time on the other charge first before you started in on this. Uh—do you understand those points, sir?

BUCHANAN: Yes."

Accordingly, Buchanan's argument here is without merit, and we find no error.

Judgment affirmed.

ROBERTSON, P.J., concurs.

RATLIFF, J., concurs with opinion.

RATLIFF, Judge, concurring.

I concur in the majority's resolution of Issues I and II. I also concur that under the holding of our supreme court in *Bailey v. State* (1985), Ind., 472 N.E.2d 1260, Buchanan has failed to preserve his claim of fundamental error in that the court failed

to advise him of the possibility of an increased sentence or consecutive sentences by reason of any prior conviction. *Bailey* holds that a claim of fundamental error must be asserted in the post-conviction petition or it will not be available on appeal. Because Buchanan did not assert that claim in his post-conviction petition, he may not assert it on appeal. However, I cannot agree with the majority that the record clearly shows Buchanan was advised as required.

The trial judge completely failed to discharge his statutory duty to advise Buchanan at the guilty plea hearing of "any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences[.]" Indiana Code section 35–35–1–2. Compliance with this statute is mandatory. *German v. State* (1981), Ind., 428 N.E.2d 234. Failure to advise the defendant pleading guilty that his sentence may be enhanced by reason of prior convictions is reversible error requiring vacating the guilty plea. *Bates v. State* (1984), Ind., 465 N.E.2d 726; *Avery v. State* (1984), Ind., 463 N.E.2d 1088. Even an absence in the record of information that the defendant had any prior criminal conviction will not relieve the trial judge of complying with this statutory mandate. *Bates,* 465 N.E.2d at 727. Neither does the fact that the defendant actually received a reduced sentence, as was the case here, cure the error. *Johnson v. State* (1984), Ind., 471 N.E.2d 1107.

The purpose of the requirements of the statute is obvious. The defendant must be informed of all the sentencing possibilities in the instant case so that he can make an intelligent decision whether or not to plead guilty. This includes advice as to the possibility of an enhanced sentence in the case wherein he is contemplating entering a guilty plea. The advice which the majority relies upon in its holding fails to comply with the statutory requirements. Nowhere in the trial judge's statement is there any

reference whatever to the possibility of an enhanced sentence or consecutive sentences by reason of the fact of prior convictions. The judge merely alluded to the possibility of enchancement or reduction of the sentence for aggravating or mitigating circumstances. This is not the same. The statute, Indiana Code section 35–35–1–2, clearly and specifically requires the court to advise a defendant pleading guilty of the possibility of an enhanced sentence or consecutive sentence by reason of prior convictions. That, the judge did not do.

At the most, the trial judge merely advised Buchanan of the possibility of an habitual offender count being added to some future charge if he accumulated two or more felony convictions. What might happen in the future is not the issue. What could happen in the present case is the crux of the matter. Buchanan was not advised as required by statute.

Although I do not agree that Buchanan was properly advised, he has not preserved the issue as required by *Bailey*. Therefore, I concur.