**Dion JONES, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 49A02–9706–PC–383.

Court of Appeals of Indiana.

March 31, 1998.

Transfer Denied June 10, 1998.

Susan K. Carpenter, Public Defender, Chris Hitz–Bradley, Deputy Public Defender, Indianapolis, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

BAILEY, Judge.

### Case Summary

Appellant–Petitioner, Dion Jones ("Jones"), seeks review of the Postconviction Court's decision denying him relief from three felony convictions entered pursuant to a guilty plea.[1] We affirm.

### Issue

Restated, the sole issue raised on appeal is whether Jones met his burden of proof in establishing his right to postconviction relief.

### Facts

The evidence most favorable to the postconviction court's judgment reveals that Jones committed a series of robberies and an attempted robbery. During each of these crimes, Jones told the victims he had a gun, but never displayed a gun. Jones was arrested and charged by information with two counts of Armed Robbery and one count of Attempted Armed Robbery. All three counts alleged that Jones committed the crimes while armed with a gun. Additionally, all three counts were elevated to the class B felony level from the class C felony level due to the alleged use of a gun. *See* IND. CODE § 35–42–5–1.

Jones, while represented by counsel, pleaded guilty to the three Armed Robbery charges outlined above pursuant to the terms of a written plea agreement. The plea agreement signed by Jones and his attorney provided as follows:

---

1. Jones was convicted of two counts of Armed Robbery, class B felonies, and one count of Attempted Armed Robbery, also a class B felony.

IND CODE § 35–42–5–1 (Robbery); 35–41–5–1 (Attempt).

The Defendant further acknowledges that entry of a guilty plea pursuant to this agreement constitutes an admission of the truth of all facts alleged in the charge or counts to which the Defendant pleads guilty and that entry of the guilty plea will amount to a conviction on those charges or counts.

(R. 120). At the guilty plea hearing, Jones indicated his acceptance of the truth of the facts alleged in the probable cause affidavits which supported the charging informations. However, the presentence report included a statement made by Jones to the probation officer to the effect that Jones had not actually had a gun during any of the crimes. Nevertheless, the trial court found that a sufficient factual basis existed, accepted Jones' guilty plea, and sentenced him accordingly.[2]

Jones filed the instant petition for postconviction relief alleging that he was wrongfully convicted of the robberies at the class B felony level because he had not used a gun. Jones pointed out that the presentence report contained his statement that he had not used a gun. Jones also argued that no witness had seen a gun and that he had fled when the victim of the attempted robbery resisted. The postconviction court denied Jones' petition and this appeal followed.

### Discussion and Decision

#### Standard of Review

Indiana's postconviction rules do not afford convicted persons an opportunity for a super appeal, but instead create a narrower remedy permitting the collateral challenge of convictions under certain enumerated circumstances. *Weatherford v. State,* 619 N.E.2d 915, 916 (Ind.1993). The postconvic-

tion petitioner bears the burden of establishing his grounds for relief by a preponderance of evidence. *Id.* at 917; Ind.Post–Conviction Rule 1(5). On review, the appellate courts may consider only the evidence and reasonable inferences supporting the judgment of the postconviction court which is the sole judge of the evidence and the credibility of the witnesses. *Weatherford,* 619 N.E.2d at 917. To prevail on appeal from the denial of postconviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the postconviction court. *Id.* Moreover, where the petitioner challenges a guilty plea on the basis of factual sufficiency, he must establish that he has not committed the crime as charged. *Butler v. State,* 658 N.E.2d 72, 78 (Ind.1995).

#### Sufficient Factual Basis—Armed Robbery

Before the trial court accepts a guilty plea, it must inquire into the factual basis for the plea. IND.CODE § 35–35–1–3(b). As stated in *Butler:*

> Despite the wealth of writing on the benefits of the factual basis requirement, court decisions and statutes specifying the 'precise quantum of evidence' constituting 'factual basis' are non-existent. This is because a finding of factual basis is a subjective determination that permits a court wide discretion—discretion that is essential due to the varying degrees and kinds of inquiries required by different circumstances.
>
> Obviously, a court need not find evidence proving guilt beyond a reasonable doubt to conclude that a factual basis exists. Such a high standard would transform the guilty plea hearing into a veritable bench trial,

---

**2.** The trial court must consider the presentence report before accepting any plea. IND.CODE §§ 35–35–3–3(a); 35–38–1–8; *Reffett v. State,* 571 N.E.2d 1227, 1229–30 (Ind.1991). Although Jones has framed his appeal as an attack upon the sufficiency of the factual basis supporting his plea, we observe that the statement included in the presentence report that he had not used a gun during any of the robberies could be interpreted as a protestation of innocence of the class B felony charges which would appear, at first blush, to undermine the validity of Jones' guilty plea. *See Ross v. State,* 456 N.E.2d 420, 423 (Ind.1983) (holding that it is error to accept a

guilty plea when the defendant both pleads guilty and maintains his innocence). However, our supreme court has dealt with this precise issue and has held that protestations of innocence which "find their way into the record through presentence reports are fraught with the opportunity for too much mischief," and therefore, do not constitute an adequate basis for postconviction relief. *Moredock v. State,* 540 N.E.2d 1230, 1231 (Ind.1989) (noting that the trial court should, however, question the defendant regarding such statements before accepting the plea); *Harris v. State,* 671 N.E.2d 864, 869 (Ind.Ct.App. 1996), *trans. denied.*

the very process that one pleading guilty seeks to avoid.

Instead, this Court and others have held that a factual basis exists when there is evidence about the elements of the crime from which a court could reasonably conclude that the defendant is guilty. Relatively minimal evidence has sometimes been held adequate.

658 N.E.2d at 76–77 (Citations and footnotes omitted).

▮ A conviction for Armed Robbery may be sustained even though the gun or other deadly weapon was not revealed during the robbery. *Schumpert v. State,* 603 N.E.2d 1359, 1364 (Ind.Ct.App.1992); *Buchanan v. State,* 490 N.E.2d 351, 354 (Ind.Ct.App.1986). *Buchanan* controls the disposition of the present case. Buchanan committed a bank robbery in which he gave a note to the teller which stated that he had a gun. Buchanan pleaded guilty to Armed Robbery, a class B felony. On postconviction review, Buchanan asserted that he should not have been convicted of the class B felony because, although he had threatened the use of a gun, he had not actually had a gun. The postconviction court denied Buchanan's petition. We affirmed holding:

> Where a defendant states that he understands the nature and elements of the crime charged, and he further states that he understands that his guilty plea is an admission of the truth of the matters contained within the criminal information filed against him, such admission is sufficient to establish a factual basis for the plea. Here, as the Record indicates, Buchanan stated he understood the elements the State would be required to prove, and that by his guilty plea he would be admitting the truth of these allegations. These admissions provide a sufficient factual basis for Buchanan's subsequent guilty plea.

490 N.E.2d at 354 (Citations omitted).

In the present case, Jones' admissions at the guilty plea hearing constituted a sufficient factual basis for the trial court to conclude that Jones was guilty of the crimes as charged. *See id.* Conversely, Jones has failed to carry the required burden on his petition for postconviction relief by establish-ing that he did not have a gun during the alleged armed robberies and attempted armed robbery. *See Butler,* 658 N.E.2d at 78. Therefore, we find no error.

Affirmed.

STATON and RUCKER, JJ., concur.