Marco CLARK, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0011–CR–466.

Court of Appeals of Indiana.

July 24, 2001.

Timothy J. Miller, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, James A. Joven, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION ON REHEARING FOR PUBLICATION**

BAKER, Judge.

This case is before us on a petition for rehearing filed by the State, requesting that we reconsider our original decision in *Clark v. State*, No. 49A05–0011–CR–466, 747 N.E.2d 78 (Ind.Ct.App. Apr. 17, 2001). In our unpublished memorandum opinion, we determined that Clark's convictions for attempted robbery, a class B felony, and battery resulting in bodily injury to a law enforcement officer, a class D felony, violated Indiana constitutional protections against double jeopardy because the two convictions arose from the same act by Clark. Slip op. at 11–12. Accordingly, we vacated Clark's conviction for the lesser offense of battery resulting in bodily injury to a law enforcement officer. Slip op. at 12.

The State now requests that we grant rehearing because this court imposed the wrong remedy to cure the double jeopardy violation. Specifically, the State contends that the proper remedy for a double jeopardy violation based upon the actual evidence test set out in *Richardson v. State*, 717 N.E.2d 32, 49 (Ind.1999), is to merge the two offenses and sentence the defendant on the greater offense. Appellant's Petition for Rehearing at 2. The State relies on our supreme court's opinion in *Kilpatrick v. State*, 746 N.E.2d 52, 60 (Ind. 2001), in support of its argument that this court erred in ordering that Clark's conviction for battery be vacated. We grant rehearing for the limited purpose of explaining why merger of the two offenses is not required in this instance.

In *Richardson*, our supreme court established that when two convictions are

found to contravene Indiana double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. 717 N.E.2d at 54. Where such action will not eliminate the violation, one of the convictions must be vacated. *Id.* In our original opinion, we observed that reducing one of Clark's convictions to a less serious form of the same offense would not eliminate the double jeopardy violation because both convictions arose out of the same set of facts. Slip op. at 12. Therefore, we vacated the battery conviction because it had less severe penal consequences. *Id.*

The defendant in *Kilpatrick* was convicted of attempted robbery and aggravated battery. 746 N.E.2d at 60. For the purposes of sentencing, the trial court merged the aggravated battery conviction into the conviction for attempted robbery and punished the defendant for the attempted robbery. *Id.* Our supreme court concluded that, "where a trial court merges some offenses into others for the purposes of sentencing, there is no double jeopardy violation ... because under those circumstances the defendant is not being punished for the merged offenses." *Id.* Thus, in *Kilpatrick* our supreme court did not establish that merger, rather than vacation, was the appropriate remedy for a double jeopardy violation. Rather, the court simply determined that because the offenses had been merged there was no foundation to the defendant's double jeopardy claim. Moreover, in a footnote the court recognized that "vacating an offense as opposed to merging it is appropriate at least in those instances involving lesser-included offenses," and declined to discuss the continued viability of that rule. *Id.* at 60 n. 6. Thus, our supreme court's *Kilpatrick* decision does not disturb the reme-

dies established for double jeopardy violations in *Richardson.*

Here, the trial court did not merge Clark's convictions for attempted robbery and battery at sentencing. Therefore, Clark was placed in double jeopardy in light of the convictions on both offenses. Under these circumstances, vacation of the lesser offense of battery remains the proper remedy. *See Richardson,* 717 N.E.2d at 54. Thus, the State argues unsuccessfully that we should have ordered the trial court to merge the offenses upon remand.

BAILEY, J., and MATHIAS, J., concur.