Jefferson HOLLOWAY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0112–PC–550.

Court of Appeals of Indiana.

Aug. 13, 2002.

Rehearing Denied Sept. 26, 2002.

---

Susan K. Carpenter, Public Defender of Indiana, Daniel M. Grove, Deputy Public Defender, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Jefferson Holloway appeals from the denial of his petition for postconviction relief.

We affirm in part, and reverse and remand in part.

### ISSUE

Whether the postconviction court erred by denying Holloway's request for relief directed to his separate convictions and sentences for rape and criminal deviate conduct, enhanced to class A felonies based upon the same injuries to the same victim.

### FACTS

The facts and procedural history were set out in the memorandum decision by this court affirming Holloway's convictions on direct appeal. (App. 130–35, Memorandum Decision, *Holloway v. State*, No. 49A02–9707–CR–444, 691 N.E.2d 524 (Ind. Ct.App.1998)). Holloway was charged in three counts: Count I, rape with serious bodily injury, as a class A felony; Count II, deviate sexual conduct with serious bodily injury, as a class A felony; and Count III, battery with serious bodily injury, as a class C felony. The charging information for all three counts specified the serious bodily injury to the victim as "bruises and cuts to the head and a broken nose." (App. 147–48).

After a trial by jury, Holloway was convicted of all three charges. (Trial R. 531). The trial court "merged" the battery conviction with Holloway's other convictions and did not enter a judgment of conviction or a sentence for battery.[1] (Trial R. 532).

---

1. The jury returned a guilty verdict on the battery charge. The trial court stated that a "Judgement of Conviction is not entered for Count III," the battery charge, and stated that the conviction was "merged" into the other two convictions. (R. 532). However, the abstract of the judgment reflects a conviction for battery as well. In *Clark v. State*, 752 N.E.2d 209, 210 (Ind.Ct.App.2001), trans. denied, we explained on rehearing that it is not incorrect

Holloway was sentenced in April 1997. Holloway's counsel did not explicitly contend that the two A felony convictions would violate double jeopardy. However, counsel did argue that the two separate sentences could not stand because the convictions were based upon the same injuries that were part of the separate offense of battery. Counsel argued that either 1) one of the convictions should be vacated, or 2) the convictions should be entered as class B felonies. Noting that the battery conviction had been merged with the other offenses, the trial court rejected Holloway's argument. Holloway was sentenced to 35 years each on the two class A felony convictions, and consecutive sentences were imposed.

Holloway did not raise any sentencing issues within his direct appeal. As noted, Holloway's convictions were affirmed on direct appeal. Holloway filed a pro se petition for postconviction relief in April 1999. Counsel for Holloway amended the petition. In September 2001, an evidentiary hearing was held on the merits of Holloway's amended petition. Holloway argued, consistent with this appeal, that both his rape and criminal deviate conduct charges could not be enhanced to class A felonies based upon the same acts or the same continuous episode, during which the victim sustained serious bodily injury. The postconviction court determined that multiple injuries would sustain multiple enhancements and rejected Holloway's argument.

## DECISION

■ "Indiana's postconviction rules do not afford convicted persons an opportunity for a super appeal, but instead cre-

ate a narrower remedy permitting the collateral challenge of convictions under certain enumerated circumstances." *Jones v. State,* 693 N.E.2d 605, 607 (Ind. Ct.App.1998) (citing *Weatherford v. State,* 619 N.E.2d 915, 916 (Ind.1993)). A postconviction petitioner bears the burden of establishing his claims by a preponderance of the evidence. *Weatherford,* 619 N.E.2d at 917.

■ An appeal from the denial of postconviction relief constitutes an appeal from a negative judgment. *Harrison v. State,* 707 N.E.2d 767, 773. (Ind.1999). "To prevail on appeal from the denial of postconviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the postconviction court." *Weatherford,* 619 N.E.2d at 917.

■ In the postconviction setting, conclusions of law receive no deference on appeal. *Taylor v. State,* 717 N.E.2d 90, 92 (Ind.1999). As to factual matters, courts on review examine only the probative evidence and reasonable inferences that support the postconviction court's determination and do not reweigh the evidence or judge the credibility of the witnesses. *Id.*

■ Holloway contends that enhancing both his rape and criminal deviate conduct convictions to class A felonies for the same injurious conduct, under the facts of this case, violates both the Indiana Constitution's double jeopardy provisions and the long-held Indiana common law tradition. Holloway urges that the error is fundamental and that his counsel was ineffective for failing to specifically raise the issue.

The State argues that Holloway is not entitled to postconviction relief because

to order vacation of a conviction that would place a defendant in double jeopardy. In light of our decision requiring resentencing of Holloway, we note that double jeopardy con-

siderations require correction of the abstract of the judgment by vacating the guilty verdict as to the battery charge on it.

the double jeopardy pronouncements within *Richardson v. State*, 717 N.E.2d 32 (Ind.1999), have prospective application only, and are not available on postconviction relief. *See Taylor*, 717 N.E.2d at 95 (the new methodology for analyzing a claim under the Indiana Double Jeopardy Clause, as announced in *Richardson*, "is not available for retroactive application in post-conviction proceedings."). However, the State acknowledges, and we agree, that the basis for Holloway's postconviction contentions is governed by Indiana common law. Recent analyses within our supreme court's decisions support this determination.

In *Pierce v. State*, 761 N.E.2d 826, 830 (Ind.2002), the court stated:

> [W]e have long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson*. Among these is the doctrine that where a burglary conviction is elevated to a Class A felony based on the same bodily injury that forms the basis of a Class B robbery conviction, the two cannot stand.

*Id.* (citations omitted). The court in *Pierce* agreed that the defendant's burglary and robbery convictions could not both be enhanced by the same bodily injury. *Id.* The court reduced the defendant's robbery conviction from a class B felony to a class C felony. *Id.* In support of its determination, the court offered three examples in pre-*Richardson* cases decided in 1989 through 1993, wherein similar results were obtained. *Id.*

Quoting *Pierce*, and relying upon the pre-*Richardson* analysis in *Kingery v. State*, 659 N.E.2d 490, 495–96 (Ind.1995), the court in *Gross v. State*, 769 N.E.2d

1136, 1139 (Ind.2002), determined that a murder conviction and a robbery conviction enhanced to a class A felony based upon the same acts subsumed in the murder could not both stand. The court reduced the robbery conviction to a class B felony [2] and remanded for a new sentence. *Id.; see also Davis v. State*, 770 N.E.2d 319, 324 (Ind.2002) (reducing a class A felony burglary conviction that was enhanced by the same act forming the basis for an attempted murder conviction and reiterating that Indiana has a tradition of "statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson*.").

It is clear that without regard to the double jeopardy analysis within *Richardson*, Indiana's common law tradition prohibits multiple enhancements based upon a single act or episode of bodily injury. That common law was fully applicable to Holloway's case involving incidents that occurred in April 1996, with a sentencing in April 1997, and a direct appeal completed in 1998.

In applying the common law tradition to Holloway's circumstances, we reject the State's implication that we cannot examine the evidence surrounding the serious bodily injury in the present case, in order to determine whether multiple acts inflicting serious bodily injury occurred. Although here we do not engage in a strict double jeopardy analysis complete with the "actual evidence" test announced in *Richardson*, the existing common law engaged in an analysis of the evidence and circumstances to determine whether the same injurious conduct was used to enhance multiple charges. *See e.g. Kingery*, 659 N.E.2d at

---

**2.** The court noted that the defendant was charged and the jury was instructed on robbery with a deadly weapon and robbery with bodily injury. *Id.*

495–96. We will engage in such an analysis here.

The evidence and circumstances in the present case reveal that only one episode of bodily injury occurred. As noted in the Memorandum Decision, the evidence reveals that

> the victim was Holloway's live-in girl-friend. After a domestic disturbance, the victim moved into the home of a friend. Early on the morning of April 7, 1996, Holloway went to that house and began pounding on the door. The victim answered the door, and Holloway grabbed her, forced her to get her things and leave with him.

> Holloway took the victim to his apartment. Once there, he punched the victim in the face at least twenty times. He ordered the victim to perform oral sex on him, but her mouth was so swollen from the beating she could not comply. Instead, Holloway ordered the victim to lick his penis. Holloway then had intercourse with the victim. After Holloway fell asleep, the victim left the apartment and phoned the police.

(App. 131–32, Memorandum Decision, *Holloway v. State*, No. 49A02–9707–CR–444, 691 N.E.2d 524 (Ind.Ct.App.1998)). Thus, the serious bodily injury inflicted by Holloway stemmed from a single criminal episode, albeit delivered in multiple blows, immediately preceding the act of criminal deviate conduct. Accordingly, the post-conviction court erred by determining that both of the charges, criminal deviate conduct and rape, could be enhanced to class A felonies based upon multiple injuries inflicted by Holloway.

In summary, the evidence supported Holloway's conviction for criminal deviate conduct as a class A felony based upon the serious bodily injury inflicted upon the victim. However, the same conduct resulting in the same serious bodily injury should not have been used to enhance the subsequent rape charge to a class A felony. The rape conviction should have been entered as a class B felony pursuant to Indiana Code § 35–42–4–1(a). *See Gross,* 769 N.E.2d 1136. The cause must be remanded for vacation of the rape conviction as a class A felony, and resentencing for rape as a class B felony in accordance with this decision. Additionally, on remand, the abstract of the judgment must be corrected as to the battery charge as discussed in footnote 1.

We affirm in part, and reverse and remand in part.

SULLIVAN, J. and BAKER, J., concur.